# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOAO BOCK TRANSACTION SYSTEMS, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>CAPITAL ONE FINANCIAL CORPORATION; CAPITAL ONE BANK (USA), N.A.; CAPITAL ONE, N.A.,<br><br>  Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Joao Bock Transaction Systems, LLC (hereinafter, "Plaintiff" or "JBTS"), by and through its undersigned counsel, files this Original Complaint for Patent Infringement against Defendants Capital One Financial Corporation; Capital One Bank (USA), National Association; Capital One, National Association as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop each Defendant's infringement of Plaintiff's United States Patent No. 7,096,003 entitled "Transaction Security Apparatus" (hereinafter, the "'003 Patent" or the "Patent-in-Suit; a copy of which is attached hereto as Exhibit A).

## PARTIES

2. JBTS is a Limited Liability Company organized under the laws of the State of Delaware and with its principal place of business located at 116 Sweetfield Circle, Yonkers, New York 10704. Plaintiff is the owner of the Patent-in-Suit, and possesses all rights thereto,

including the right to exclude the Defendant from making, using, selling, or offering to sell in this district and elsewhere into the United States the patented invention(s) of the Patent-in-Suit, the right to license the Patent-in-Suit, and to sue the Defendant for infringement and recover past damages.

3. Upon information and belief, Defendant Capital One Financial Corporation is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business located at 1680 Capital One Drive, McLean, VA 22102. Capital One Financial Corporation may be served through its registered agent, Corporation Service Company, located at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

4. Upon information and belief, Defendant Capital One Bank (USA), National Association (a subsidiary of Capital One Financial Corporation) is a federally-chartered banking institution with its principal place of business in Glen Allen, Virginia. This Defendant may be served with process through its registered agent, Corporation Service Company, located at Bank of America Center, 16th Floor, 1111 East Main Street, Richmond, Virginia 23219.

5. Upon information and belief, Defendant Capital One, National Association (a subsidiary of Capital One Financial Corporation) is a federally-chartered banking institution with its principal place of business in McLean, Virginia. This Defendant may be served with process through its registered agent, Corporation Service Company, located at 2711 Centerville Road Suite 400, Wilmington, Delaware 19808.

## JURISDICTION AND VENUE

6. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

7. The Court has personal jurisdiction over each Defendant because: each Defendant is present within or has minimum contacts within the State of Delaware and the District of Delaware; each Defendant has purposefully availed itself of the privileges of conducting business in the State of Delaware and in the District of Delaware; each Defendant has sought protection and benefit from the laws of the State of Delaware; each Defendant regularly conducts business within the State of Delaware and within the District of Delaware, and Plaintiff's causes of action arise directly from each Defendant's business contacts and other activities in the State of Delaware and in the District of Delaware.

8. More specifically, each Defendant, directly and/or through its intermediaries, makes, ships, distributes, uses, offers for sale, sells, and/or advertises (including via the provision of an interactive web page) its products and services in the United States, the State of Delaware, and the District of Delaware, which products and services infringe the '003 Patent. Upon information and belief, each Defendant has committed patent infringement in the State of Delaware and in the District of Delaware. Each Defendant solicits customers for its products and services in the State of Delaware and in the District of Delaware. Each Defendant has many paying customers who are residents of the State of Delaware and the District of Delaware and who use each Defendant's products and services in the State of Delaware and in the District of Delaware.

9. Defendants are properly joined in this action pursuant to Rule 20(a) of the Federal Rules of Civil Procedure because Plaintiff has asserted claims against Defendants for which they are jointly and/or severally liable, or, in the alternative, a right to relief in respect of or arising out of the same series of transactions or occurrences, namely, the development of, advertising, offering for sale, and providing their products and services to their customers through a website,

www.capitalone.com.  Questions of law and/or fact common to all Defendants will arise in this action due to the close business relationship of the Defendants to each other and their shared customers.

10. Venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I:
## INFRINGEMENT OF U.S. PATENT NO. 7,096,003

11. Plaintiff re-alleges and incorporates by reference each of Paragraph 1-10 above.

12. The '003 Patent was duly and legally issued by the United States Patent and Trademark Office to Mr. Joao and Mr. Bock on August 22, 2006 after full and fair examination. Mr. Joao and Mr. Bock assigned all rights, title and interest in and to the '003 Patent to JBTS, giving JBTS the right to exclude each Defendant from making, using, selling, or offering to sell in this district and elsewhere in the United States the patented invention(s) of the '003 Patent, and the right to sublicense the '003 Patent, collect damages and initiate lawsuits against each Defendant.  The '003 Patent is in full force and effect.

13. Upon information and belief, Defendants Capital One Financial Corporation; Capital One Bank (USA), National Association; Capital One, National Association; (together, "Capital One") own, operate, advertise, implement, and control a website, www.capitalone.com.[1]

14. Upon information and belief, Capital One provides products and services through its website, including but not limited to Capital One's Account Alert system which sends alerts to customers with a Capital One account (the "Accused Products and Services").[2]

---

[1] *See* "Terms and Conditions," located at http://www.capitalone.com/legal/terms-conditions/ (explaining that "Capital One Financial Corporation and its subsidiaries ("Capital One") provide the materials contained at our site(s) on the World Wide Web (the "Site") as a service to our customers and visitors") (last visited on April 3, 2014).

15. On April 24, 2013, JBTS sent a letter to the CEO of Capital One Financial Corporation indicating that "[b]ased upon a preliminary examination of [Capital One]'s web page, it appears that [Capital One] may have been and/or is using, selling, offering to sell or making inventions claimed in the JBTS Portfolio [which includes the '003 Patent]." *See* Letter to Richard D. Fairbank, delivered April 26, 2013, and the returned certified mail receipt, attached as Exhibit B (the "Notice Letter"). Capital One continues to sell its products and services at www.capitalone.com.

16. Plaintiff is informed and believes that Capital One infringes the '003 Patent either literally or under the doctrine of equivalents. Upon information and belief, Capital One has infringed and continues to infringe one or more claims of the '003 Patent by making, using, selling, offering for sale, advertising and providing (directly or through intermediaries) a transaction security apparatus as claimed in the '003 Patent. Specifically, Capital One offers products and services such as but not limited to the Accused Products and Services, supported and implemented by way of Capital One's computer systems, functionality modules and interactive websites and web services which use and/or are transaction security apparatuses. The transaction security apparatuses have a processing device that processes information regarding transactions on a customer's account(s) (including but not limited to a bank checking account, savings account, automated teller machine account, or credit card account). Some of the transaction security apparatuses have a receiver for receiving information regarding transactions

---

[2] *See* Exhibit C, "Online Banking Alerts", located at http://www.capitalone.com/online-banking/account-alerts/?Log=1&EventType=Link&ComponentType=T&LOB=MTS%3A%3ALCTMNE8UU&ubLob=MTS%3A%3AKV0LVIE8Z&PageName=Online+Banking+FAQ&PortletLocation=4%3B4-12-col%3B1-1-1&ComponentName=secondary_nav&ContentElement=5%3BAlerts&TargetLob=MTS%3A%3ALCTMNE8UU&TargetPageName=Online+Banking+Alerts&referer=https%3A%2F%2Fwww.capitalone.com%2Fonline-banking%2Ffaq&external_id=WWW_LP058_XXX_SEM-Brand_Google_ZZ_ZZ_T_Home (describing account alerts offered by Capital One) (last visited on April 3, 2014).

on, and uses of, the account. Some of the transaction security apparatuses include and/or are connected to an input device including a user interface or point of sale terminal where transaction information is entered into, or automatically captured by, the transaction security apparatus.  The receiver can receive information from Capital One's customers, customers of its customers, and other computer interfaces of the computer system (i.e., payment processing platform interfaces). The receiver can also receive information from external computer systems connected to Capital One's transaction security apparatus. Some of Capital One's transaction security apparatuses store information regarding a customer's account preferences and when a customer wants to receive notifications regarding account activity. Some of Capital One's transaction security apparatuses have a transmitter for transmitting information regarding its business operations (i.e., account activity, transactions, transaction processing).  Capital One's transaction security apparatuses utilize the processing device for managing the flow of information and for executing programs to process the information. Some of the transaction security apparatuses have a processing device that is/are capable of determining whether to "allow" or "disallow" a transaction, and capable of generating a signal having information about the transaction.  Some of the transaction security apparatuses have a processing device that is capable of generating an electronic notification regarding activity on a customer's account. Some of Capital One's transaction security apparatuses have a transmitter that transmits the signal to the customer notifying the customer of the activity.  These activities and processing take place in this district and elsewhere in the United States, enabled by and accessed through Capital One's website, www.capitalone.com.

17.   Upon information and belief, Capital One has knowingly and intentionally induced and continues to induce infringement of one or more claims of the '003 Patent in this

district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, aided, abetted and otherwise caused its customers to use a system which includes a transaction security apparatus, said system having been provided by Capital One to its customers for the primary purpose of causing infringing acts by said customers. Capital One has had knowledge of the '003 patent as of April 26, 2013 when it received the Notice Letter from JBTS, and at the very latest, upon filing of the Original Complaint. Upon information and belief, Capital One has specifically intended that its customers use the Accused Products and Services that infringe the '003 Patent by, at a minimum, providing access to, support for, training and instructions for, said transaction security apparatus and the Accused Products and Services to its customers to enable said customers to use said apparatus, products and services in such a way that infringes the '003 Patent; and Capital One knew that these actions, would induce, have induced, and will continue to induce infringement by its customers. Even where performance of the steps required to infringe one or more claims of the '003 Patent is accomplished by Capital One and Capital One's customer jointly, Capital One's actions have intentionally and solely caused all of the steps to be performed.

18.   Upon information and belief, Capital One has contributed to and continues to contribute to the infringement of one or more claims of the '003 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use a system which includes a transaction security apparatus, said system having been provided by Capital One to its customers for the primary purpose of causing infringing acts by said customers by offering to sell, and/or selling (directly or through intermediaries), to its customers, the Accused Products and Services and its transaction security apparatus covered by the '003 Patent, which Accused

Products and Services constitute a material part of the invention, and further that Capital One's customers have utilized said systems in a manner that infringes one or more claims of the '003 Patent. Capital One has had knowledge of the '003 patent as of April 26, 2013 when it received the Notice Letter from JBTS, and at the very latest, upon filing of the Original Complaint. Upon information and belief, Capital One has specifically intended and/or specifically intends that its customers use its transaction security apparatus and the Accused Products and Services in such a way that infringes the '003 Patent by, at minimum, providing access to, support for, and training and instructions for said apparatus, products, systems and services, that infringe the '003 Patent, and knew and/or knows that its transaction security apparatus and the Accused Products and Services are especially made and/or adapted for user(s) to infringe one or more claims of the '003 Patent and, therefore, are not staple articles or commodities of commerce suitable for a substantial non-infringing use. Even where performance of the steps required to infringe one or more claims of the '003 Patent is accomplished by Capital One and Capital One's customer jointly, Capital One's actions have intentionally and solely caused all of the steps to be performed.

19.    Capital One's aforesaid activities have been without authority and/or license from Plaintiff.

20.    Plaintiff is entitled to recover from Capital One the damages sustained by Plaintiff as a result of Capital One's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

21. Capital One's infringement of Plaintiff's rights under the '003 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

22. Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

23. Plaintiff respectfully requests the following relief:

   A. An adjudication that one or more claims of the Patent-in-Suit has been infringed, either literally and/or under the doctrine of equivalents, by the Defendants;

   B. An adjudication that Defendants have induced infringement of one or more claims of the Patent-in-Suit by Defendants' customers;

   C. An adjudication that Defendants have contributed to infringement of one or more claims of the Patent-in-Suit by Defendants' customers;

   D. An award of damages to be paid by Defendants adequate to compensate Plaintiff for its past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendants' infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

E. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendants from further acts of infringement with respect to the claims of the Patent-in-Suit;

F. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

G. Any further relief that this Court deems just and proper.

Respectfully submitted this 4th day of April 2014.

*Attorneys for Plaintiff*
*Joao Bock Transaction Systems, LLC*

*/s/ Stamatios Stamoulis*

**STAMOULIS & WEINBLATT LLC**
Stamatios Stamoulis #4606
    stamoulis@swdelaw.com
Richard C. Weinblatt #5080
    weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540

**HENINGER GARRISON DAVIS, LLC**
Steven W. Ritcheson, *Pro Hac Vice Anticipated*
    swritcheson@hgdlawfirm.com
9800 D Topanga Canyon Boulevard, #347
Chatsworth, California 91311
Telephone: (818) 882-1030, (205) 326-3332
Facsimile: (205) 326-3332

Maureen V. Abbey, *Pro Hac Vice Anticipated*
    maureen@hgdlawfirm.com
220 St. Paul Street
Westfield, NJ 07090
Telephone: (908) 379-8475
Facsimile: (205) 547-5500