IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOAO BOCK TRANSACTION SYSTEMS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>CAPITAL ONE FINANCIAL CORPORATION; CAPITAL ONE BANK (USA), N.A.; CAPITAL ONE, N.A.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)    Case No. 1:14-cv-00425<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT CAPITAL ONE FINANCIAL CORPORATION'S
ANSWER AND SEPARATE DEFENSES**

Defendant Capital One Financial Corporation ("COFC"), hereby answers the Original Complaint for Patent Infringement ("the Complaint") filed by Joao Bock Transaction Systems, LLC ("JBTS"). COFC hereby responds to the numbered paragraphs of the Complaint:

**NATURE OF THE ACTION**

1. This is a patent infringement action to stop each Defendant's infringement of Plaintiff's United States Patent No. 7,096,003 entitled "Transaction Security Apparatus" (hereinafter, the "'003 Patent" or "Patent-in-Suit; a copy of which is attached hereto as Exhibit A).

**Answer:** COFC admits that JBTS is asserting a patent infringement action involving the '003 Patent. To the extent that there are any other factual allegations in paragraph 1, COFC denies each and every such allegation.

## PARTIES

2. JBTS is a Limited Liability Company organized under the laws of the State of Delaware and with its principal place of business located at 116 Sweetfield Circle, Yonkers, New York 10704. Plaintiff is the owner of the Patent-in-Suit, and possesses all rights thereto, including the right to exclude each Defendant from making, using, selling, or offering to sell in this district and elsewhere into the United States the patented invention(s) of the Patent-in-Suit, the right to license the Patent-in-Suit, and to sue the Defendant for infringement and recover past damages.

**Answer:** COFC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and therefore denies the allegations.

3. Upon information and belief, Defendant Capital One Financial Corporation is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business located at 1680 Capital One Drive, McLean, VA 22102. Capital One Financial Corporation may be served through its registered agent, Corporation Service Company, located at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

**Answer:** COFC admits that a principal place of business is 1680 Capital One Drive, McLean, VA 22102. COFC further states that it is a Delaware Corporation. COFC further states that it accepts service through its registered agent, Corporation Service Company. To the extent that there are any other factual allegations in paragraph 3, COFC denies each and every such allegation.

4. Upon information and belief, Defendant Capital One Bank (USA), National Association (a subsidiary of Capital One Financial Corporation) is a federally-chartered banking institution with its principal place of business in Glen Allen, Virginia. This Defendant may be

served with process through its registered agent, Corporation Service Company, located at Bank of America Center, 16th Floor, 1111 East Main Street, Richmond, Virginia 23219.

**Answer:** COFC admits that Capital One Bank (USA), National Association's principal place of business is 1680 Capital One Drive, McLean, VA 22102. COFC further states that Capital One Bank (USA), National Association is a Delaware Corporation. To the extent that there are any other factual allegations in paragraph 4, COFC denies each and every such allegation.

5. Upon information and belief, Defendant Capital One, National Association (a subsidiary of Capital One Financial Corporation) is a federally-chartered banking institution with its principal place of business in McLean, Virginia. This Defendant may be served with process through its registered agent, Corporation Service Company, located at 2711 Centerville Road Suite 400, Wilmington, Delaware 19808.

**Answer:** COFC admits that Capital One, National Association's principal place of business is 1680 Capital One Drive, McLean, VA 22102. COFC further states that Capital One, National Association is a Delaware Corporation. To the extent that there are any other factual allegations in paragraph 5, COFC denies each and every such allegation.

## JURISDICTION AND VENUE

6. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.,* including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

**Answer:** COFC admits that the Complaint purports to assert claims for patent infringement under the patent laws of the United States, Title 35 of the United States Code. COFC admits that this Court has subject-matter jurisdiction over asserted claims for patent

infringement under the patent laws of the United States, Title 35 of the United States Code pursuant to 28 U.S.C. §§ 1331 and 28 U.S.C. § 1338(a). To the extent that there are any other factual allegations in paragraph 6, COFC denies each and every such allegation. COFC specifically denies that it commits or has committed, contributed to and/or induced any acts of patent infringement with respect to the patent-in-suit.

7. The Court has personal jurisdiction over each Defendant because: each Defendant is present within or has minimum contacts within the State of Delaware and the District of Delaware; each Defendant has purposefully availed itself of the privileges of conducting business in the State of Delaware and in the District of Delaware; each Defendant has sought protection and benefit from the laws of the State of Delaware; each Defendant regularly conducts business within the State of Delaware and within the District of Delaware, and Plaintiff's causes of action arise directly from each Defendant's business contacts and other activities in the State of Delaware and in the District of Delaware.

**Answer:** Paragraph 7 contains a legal conclusion and argument regarding personal jurisdiction to which no response is required. To the extent a response is required, COFC denies these allegations.

8. More specifically, each Defendant, directly and/or through its intermediaries, makes, ships, distributes, uses, offers for sale, sells, and/or advertises (including via the provision of an interactive web page) its products and services in the United States, the State of Delaware, and the District of Delaware, which products and services infringe the '003 Patent. Upon information and belief, each Defendant has committed patent infringement in the State of Delaware and in the District of Delaware. Each Defendant solicits customers for its products and services in the State of Delaware and in the District of Delaware. Each Defendant has many

4

paying customers who are residents of the State of Delaware and the District of Delaware and who use each Defendant's products and services in the State of Delaware and in the District of Delaware.

**Answer:** Paragraph 8 contains a legal conclusion and argument regarding personal jurisdiction to which no response is required. To the extent a response is required, COFC denies these allegations. COFC specifically denies that it commits or has committed, contributed to and/or induced any acts of patent infringement with respect to the patent-in-suit.

9. Defendants are properly joined in this action pursuant to Rule 20(a) of the Federal Rules of Civil Procedure because Plaintiff has asserted claims against Defendants for which they are jointly and/or severally liable, or, in the alternative, a right to relief in respect of or arising out of the same series of transactions or occurrences, namely, the development of, advertising, offering for sale, and providing their products and services to their customers through a website, www.capitalone.com. Questions of law and/or fact common to all Defendants will arise in this action due to the close business relationship of the Defendants to each other and their shared customers.

**Answer:** Paragraph 9 contains a legal conclusion and argument regarding joinder to which no response is required. To the extent a response is required, COFC denies these allegations. COFC specifically denies that it commits or has committed, contributed to and/or induced any acts of patent infringement with respect to the patent-in-suit.

10. Venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**Answer:**   Paragraph 10 contains a legal conclusion and argument regarding venue to which no response is required.  To the extent a response is required, COFC denies these allegations.

## COUNT I:

## INFRINGEMENT OF U.S. PATENT NO. 7,096,003

11.     Plaintiff re-alleges and incorporates by reference each of Paragraph 1-10 above.

**Answer:**  COFC incorporates by reference its answers to each of Paragraphs 1-10 above.

12.     The '003 Patent was duly and legally issued by the United States Patent and Trademark Office to Mr. Joao and Mr. Bock on August 22, 2006 after full and fair examination. Mr. Joao and Mr. Bock assigned all rights, title and interest in and to the '003 Patent to JBTS, giving JBTS the right to exclude each Defendant from making, using, selling, or offering to sell in this district and elsewhere in the United States the patented invention(s) of the '003 Patent, and the right to sublicense the '003 Patent, collect damages and initiate lawsuits against each Defendant.  The '003 Patent is in full force and effect.

**Answer:**  COFC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and therefore denies the allegations.

13.     Upon information and belief, Defendants Capital One Financial Corporation; Capital One Bank (USA), National Association; Capital One, National Association; (together, "Capital One") own, operate, advertise, implement, and control a website, www.capitalone.com.

**Answer:**  COFC denies these allegations.

14. Upon information and belief, Capital One provides products and services through its website, including but not limited to Capital One's Account Alert system which sends alerts to customers with a Capital One account (the "Accused Products and Services").

**Answer:**  COFC denies these allegations.

15. On April 24, 2013, JBTS sent a letter to the CEO of Capital One Financial Corporation indicating that "[b]ased upon a preliminary examination of [Capital One]'s web page, it appears that [Capital One] may have been and/or is using, selling, offering to sell or making inventions claimed in the JBTS Portfolio [which includes the '003 Patent]." *See* Letter to Richard D. Fairbank, delivered April 26, 2013, and the returned certified mail receipt, attached as Exhibit B (the "Notice Letter").  Capital One continues to sell its products and services at www.capitalone.com.

**Answer:**  COFC admits that it received a letter from "Robert Bock, President of JBTS," dated April 24, 2013.  To the extent that there are any other factual allegations in paragraph 15, COFC denies each and every such allegation.

16. Plaintiff is informed and believes that Capital One infringes the '003 Patent either literally or under the doctrine of equivalents.  Upon information and belief, Capital One has infringed and continues to infringe one or more claims of the '003 Patent by making, using, selling, offering for sale, advertising and providing (directly or through intermediaries) a transaction security apparatus as claimed in the '003 Patent.  Specifically, Capital One offers products and services such as but not limited to the Accused Products and Services, supported and implemented by way of Capital One's computer systems, functionality modules and interactive websites and web services which use and/or are transaction security apparatuses.  The transaction security apparatuses have a processing device that processes information regarding

7

transactions on a customer's account(s) (including but not limited to a bank checking account, savings account, automated teller machine account, or credit card account).  Some of the transaction security apparatuses have a receiver for receiving information regarding transactions on, and uses of, the account.  Some of the transaction security apparatuses include and/or are connected to an input device including a user interface or point of sale terminal where transaction information is entered into, or automatically captured by, the transaction security apparatus.  The receiver can receive information from Capital One's customers, customers of its customers, and other computer interfaces of the computer system (i.e., payment processing platform interfaces).  The receiver can also receive information from external computer systems connected to Capital One's transaction security apparatus.  Some of Capital One's transaction security apparatuses store information regarding a customer's account preferences and when a customer wants to receive notifications regarding account activity.  Some of Capital One's transaction security apparatuses have a transmitter for transmitting information regarding its business operations (i.e., account activity, transactions, transaction processing).  Capital One's transaction security apparatuses utilize the processing device for managing the flow of information and for executing programs to process the information.  Some of the transaction security apparatuses have a processing device that is/are capable of determining whether to "allow" or "disallow" a transaction, and capable of generating a signal having information about the transaction.  Some of the transaction security apparatuses have a processing device that is capable of generating an electronic notification regarding activity on a customer's account.  Some of Capital One's transaction security apparatuses have a transmitter that transmits the signal to the customer notifying the customer of the activity.  These activities and processing take place in

this district and elsewhere in the United States, enabled by and accessed through Capital One's website, www.capitalone.com.

**Answer:** COFC denies these allegations.

17.     Upon information and belief, Capital One has knowingly and intentionally induced and continues to induce infringement of one or more claims of the '003 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, aided, abetted and otherwise caused its customers to use a system which includes a transaction security apparatus, said system having been provided by Capital One to its customers for the primary purpose of causing infringing acts by said customers. Capital One has had knowledge of the '003 patent as of April 26, 2013 when it received the Notice Letter from JBTS, and at the very latest, upon filing of the Original Complaint. Upon information and belief, Capital One has specifically intended that its customers use the Accused Products and Services that infringe the '003 Patent by, at a minimum, providing access to, support for, training and instructions for, said transaction security apparatus and the Accused Products and Services to its customers to enable said customers to use said apparatus, products and services in such a way that infringes the '003 Patent; and Capital One knew that these actions, would induce, have induced, and will continue to induce infringement by its customers. Even where performance of the steps required to infringe one or more claims of the '003 Patent is accomplished by Capital One and Capital One's customer jointly, Capital One's actions have intentionally and solely caused all of the steps to be performed.

**Answer:** COFC denies these allegations.

18.     Upon information and belief, Capital One has contributed to and continues to contribute to the infringement of one or more claims of the '003 Patent in this district and

9

elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use a system which includes a transaction security apparatus, said system having been provided by Capital One to its customers for the primary purpose of causing infringing acts by said customers by offering to sell, and/or selling (directly or through intermediaries), to its customers, the Accused Products and Services and its transaction security apparatus covered by the '003 Patent, which Accused Products and Services constitute a material part of the invention, and further that Capital One's customers have utilized said systems in a manner that infringes one or more claims of the '003 Patent.  Capital One has had knowledge of the '003 patent as of April 26, 2013 when it received the Notice Letter from JBTS, and at the very latest, upon filing of the Original Complaint.  Upon information and belief, Capital One has specifically intended and/or specifically intends that its customers use its transaction security apparatus and the Accused Products and Services in such a way that infringes the '003 Patent by, at minimum, providing access to, support for, and training and instructions for said apparatus, products, systems and services, that infringe the '003 Patent, and knew and/or knows that its transaction security apparatus and the Accused Products and Services are especially made and/or adapted for user(s) to infringe one or more claims of the '003 Patent and, therefore, are not staple articles or commodities of commerce suitable for a substantial non-infringing use.  Even where performance of the steps required to infringe one or more claims of the '003 Patent is accomplished by Capital One and Capital One's customer jointly, Capital One's actions have intentionally and solely caused all of the steps to be performed.

      **Answer:**  COFC denies these allegations.

19.     Capital One's aforesaid activities have been without authority and/or license from Plaintiff.

**Answer:**  COFC denies these allegations.

20.     Plaintiff is entitled to recover from Capital One the damages sustained by Plaintiff as a result of Capital One's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**Answer:**  COFC denies these allegations.

21.     Capital One's infringement of Plaintiffs rights under the '003 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

**Answer:**  COFC denies these allegations.

## AS TO JBTS'S PRAYER FOR RELIEF

COFC denies that JBTS is entitled to either the requested relief or any other further relief.

## AFFIRMATIVE DEFENSES

COFC hereby asserts the following defenses without undertaking or otherwise shifting any applicable burdens of proof.  COFC reserves the right to assert additional defenses, as warranted by facts learned through investigation and discovery.

## FIRST AFFIRMATIVE DEFENSE

(Non-Infringement)

1.     COFC has not infringed, and is not infringing, any valid and enforceable claim of the '003 Patent, either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE

(Invalidity Under §101)

2. The '003 Patent; and each claim thereof, is invalid for failure to meet the requirements for patentability set forth in 35 U.S.C. § 101.

## THIRD AFFIRMATIVE DEFENSE

(Invalidity Under §102)

3. The '003 Patent; and each claim thereof, is invalid for failure to meet the requirements for patentability set forth in 35 U.S.C. § 102.

## FOURTH AFFIRMATIVE DEFENSE

(Invalidity Under §103)

4. The '003 Patent; and each claim thereof, is invalid for failure to meet the requirements for patentability set forth in 35 U.S.C. § 103.

## FIFTH AFFIRMATIVE DEFENSE

(Invalidity Under §112)

5. The '003 Patent; and each claim thereof, is invalid for failure to meet the requirements for patentability set forth in 35 U.S.C. § 112.

## SIXTH AFFIRMATIVE DEFENSE

(Laches)

6. JBTS's claims for relief are barred by laches.

## SEVENTH AFFIRMATIVE DEFENSE

(Venue)

7. JBTS's claims for relief are improperly venued in this district.

### EIGHTH AFFIRMATIVE DEFENSE

(Unclean Hands)

8. JBTS's claims for relief are barred by the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

(Failure to Mark)

9. JBTS's claim for damages, if any, against COFC for alleged infringement of the patent-in-suit is limited by 35 U.S.C. § 287.

### TENTH AFFIRMATIVE DEFENSE

(Failure to State a Claim)

10. JBTS's Complaint fails to state a claim upon which relief can be granted.

### ELEVENTH AFFIRMATIVE DEFENSE

(Estoppel)

11. JBTS's claims for relief are barred by the doctrine of estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

(License)

12. JBTS's claims for relief are barred because some or all of COFC's activities are expressly, impliedly or otherwise licensed.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Prosecution History Estoppel)

13. JBTS's claims for relief are barred by the doctrine of prosecution history estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Preclusion)

14. JBTS's claims for relief are barred by the doctrines of res judicata, claim preclusion, and/or issue preclusion.

## **RELIEF REQUESTED**

WHEREFORE, COFC prays for judgment in its favor and against JBTS providing that:

A. the Complaint be dismissed in its entirety, with prejudice, and that JBTS take nothing by its complaint;

B. the Court find each and every claim of the patent-in-suit invalid;

C. that COFC be awarded its costs of suit;

D. that the instant action is an "exceptional case" under 35 U.S.C. § 285, and awarding COFC attorneys' fees and costs; and

E. that COFC be awarded such other and further relief to which it may be entitled.

## **JURY TRIAL DEMAND**

COFC hereby demands a trial by jury as to all issues so triable herein.

Dated: October 21, 2014

                          Respectfully submitted,

                          */s/ Kenneth L. Dorsney*
                          Kenneth L. Dorsney
                          MORRIS JAMES LLP
                          500 Delaware Avenue, Suite 1500
                          Wilmington, DE 19801-1494
                          (302) 888-6800
                          kdorsney@morrisjames.com

Maya M. Eckstein
George B. Davis
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
(804) 788-8200
meckstein@hunton.com
gdavis@hunton.com


Daniel G. Vivarelli, Jr.
HUNTON & WILLIAMS LLP
2200 Pennsylvania Avenue, NW
Washington, D.C. 20037
(202) 955-1500
dvivarelli@hunton.com

*Attorneys for Defendant*

15