IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOAO BOCK TRANSACTION SYSTEMS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civ. No. 14-425-SLR |
| CAPITAL ONE FINANCIAL CORPORATION, CAPITAL ONE BANK (USA) N.A., and CAPITAL ONE N.A., | ) ) ) ) ) | |
| Defendants. | ) | |
| JOAO BOCK TRANSACTION SYSTEMS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civ. No. 14-529-SLR |
| GENERAL ELECTRIC CAPITAL CORPORATION, | ) ) ) | |
| Defendant. | ) | |
| JOAO BOCK TRANSACTION SYSTEMS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civ. No. 14-530-SLR |
| TRADEKING GROUP, INC., | ) ) ) | |
| Defendant. | ) | |

**ORDER**

At Wilmington this 12th day of January, 2015, having reviewed the pending motions to stay in the above captioned cases, as well as the papers filed in connection therewith;

IT IS ORDERED that said motions (Civ. No. 14-425, D.I. 19; Civ. No.14-529, D.I. 15; Civ. No. 14-530, D.I. 12) are granted and the cases are stayed pending a final determination by the United States Court of Appeals for the Federal Circuit in *Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.* ("*Jack Henry*"), Appeal No. 15-1245 (Civ. No. 12-1138-SLR) as to the patentability of U.S. Patent No. 7,096,003 ("the '003 patent").[1] The stay is warranted in the interests of judicial economy, as no further litigation-driven expenses are justified if the Federal Circuit affirms the decision in *Jack Henry* that the '003 patent is not patentable subject matter under 35 U.S.C. § 101 and *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014).

More specifically, because the issue of patentability is a threshold legal one which may be case dispositive, a stay will simplify the issues in question and streamline the litigations. Discovery has just begun, clearly a point that favors a stay. *See Versata Software, Inc. v. Callidus Software, Inc.*, 771 F. 3d 1368 Fed. Cir. 2014). Although the court understands that a stay will generally disfavor the opposing party, especially a patent holder trying to enforce its property rights, under the circumstances at bar,[2] the

---

[1] The '003 patent is the only patent asserted in all four cases. Because the pending motions were filed before the court issued its decision in *Jack Henry*, the motions were directed to staying litigation pending that decision. In light of the fact that the *Jack Henry* decision has been appealed to the Federal Circuit, the court is *sua sponte* granting the more appropriate, albeit broader, relief. If any party believes this solution to be beyond the court's inherent power to manage its docket, it should inform the court promptly.

[2] To wit, where the parties in *Jack Henry* brought the § 101 issue to the court after extensive discovery and in the summary judgment motion exercise. In other words, plaintiff has had a full and fair opportunity to litigate the § 101 issue.

2

movants are not seeking an undue litigation advantage, but simply seeking the guidance of the Federal Circuit (as is the court) before having to invest in potentially needless litigation. All in all, the burdens of litigation will be reduced by staying the above captioned cases pending appeal.

_____
United States District Judge